**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>DONNA M. FOSTER-SAWTELLE,<br><br>Debtor | Chapter 7<br>Case No. 19-14331-JEB |

**MEMORANDUM OF DECISION**

This matter came before the Court on the Objection to Homestead Exemption filed by creditors Douglas and Maureen Obey. Pursuant to the Objection, the Obeys object to the homestead exemption claimed by the debtor, Donna M. Foster-Sawtelle, in real property located at 10 Old Landing Road, Pembroke, MA ("Property") and its proceeds. The Debtor asserts that she was an owner of the Property as of the petition date as a beneficiary of a resulting trust. For the reasons set forth more fully below, the Objection will be sustained by separate order. The Debtor failed to meet her burden of proof to show that she was the beneficiary of a resulting trust in the Property. Since she failed to prove she was an owner of the Property, the Debtor cannot claim a homestead exemption in the Property or its proceeds.

**Background**

The following background facts are drawn from the agreed upon facts in the Pretrial Memorandum, the record of the Proceedings, the Exhibits, and facts otherwise admitted by the parties in their briefs or pleadings.

The Debtor commenced this bankruptcy case on December 23, 2019. In her schedules, the Debtor stated that she held an ownership interest in the Property as of the petition date as a beneficiary of a resulting trust. She claimed a homestead exemption in the amount of

$162,630.38 in the Property based on a homestead recorded on December 23, 2019, prior to the commencement of the case.

The Property was acquired in 2004 for $635,000. At the time it was purchased, the Property was titled solely in the name of Philip DeVasto, Jr., who was then the romantic partner of the Debtor. The Obeys and the Debtor have stipulated that (i) the Debtor and DeVasto moved into the Property; (ii) the Debtor and DeVasto contributed equally to the purchase price of the Property; and (iii) the Debtor and DeVasto agreed that they would each contribute equally to the down payment for the Property and all Property expenses.

At the time of the purchase of the Property, DeVasto also granted a real estate mortgage on the Property to secure a promissory note in the amount of $260,000. The Debtor did not execute the mortgage or the note. Title to the Property remained in DeVasto's name until it was sold.

The Obeys are creditors of the Debtor and filed a claim in excess of $132,000, based on a promissory note of the Debtor. Prior to the Proceedings, in 2017, the Obeys commenced litigation ("Obey Litigation") in the Plymouth Superior Court for the Commonwealth of Massachusetts ("State Court") against the Debtor as defendant and DeVasto as a reach and apply defendant. The State Court entered a preliminary injunction on June 27, 2019, requiring that the first $120,000 of any monies due to the Debtor from DeVasto upon a sale of the Property be held in escrow.

In March 2018, the Debtor commenced a separate action against DeVasto ("DeVasto Litigation") in the State Court seeking to impose a resulting trust on the Property. In November 2019, the State Court denied the Debtor's motion for summary judgment in the DeVasto Litigation and her subsequent motion for reconsideration. The State Court found that there were

2

genuine issues of material fact regarding whether a resulting trust was created at the time of the purchase of the Property. In particular, the State Court found that the record failed to establish the specific amount the Debtor contributed to the purchase or the specific percentage of her alleged ownership.

On December 20, 2019, the Debtor and DeVasto dismissed the DeVasto Litigation with prejudice and without costs.

The Property was sold by DeVasto to a third party by deed dated November 20, 2019, recorded on December 26, 2019. On December 23, 2019, immediately prior to the Debtor's filing of the bankruptcy case, DeVasto recorded a homestead and named the Debtor as a beneficiary. The Debtor received $162,630.38 from the sale which is being held in escrow.

The Obeys timely filed the Objection, arguing that the Debtor was not entitled to the homestead exemption. They argued that the Debtor was not a beneficiary of a resulting trust, but a party to a contract with DeVasto regarding the Property. They further argued that a resulting trust should not be imposed since it was for the improper purpose of evading the Debtor's creditors.

After preliminary rulings in the case, the Court concluded that the issues required an evidentiary hearing and issued a contested matter pretrial order. At the final pretrial conference, the parties reported that an evidentiary hearing was not required. The parties chose to submit the matter based upon the stipulated facts in the Joint Pretrial Memorandum and related exhibits.

**Analysis**

The Debtor is not entitled to claim a homestead exemption in the Property or its proceeds. The Debtor asserts that she was an owner in the Property as the beneficiary of a resulting trust and can claim the homestead exemption. But the Debtor has failed to carry her burden to

establish a resulting trust in the Property for her benefit. She failed to show that she made a specific contribution to the purchase price of the Property. She also failed to show that her contributions were intended to entitle her to a specific percentage ownership in the Property.

A resulting trust is an equitable remedy under the law. *In re Charles River Press Lithography, Inc.,* 338 B.R. 148, 160 (Bankr. D. Mass. 2006). "A resulting trust in real estate arises where one party furnishes the consideration to purchase property, not intending a gift or advancement, yet title is taken in the name of another." *Fortin v. Roman Cath. Bishop of Worcester*, 416 Mass. 781, 789, 625 N.E.2d 1352, 1357 (1994). Under Massachusetts law, the person seeking a resulting trust has the burden of proof. *Pollock v. Pollock*, 223 Mass. 382, 384, 111 N.E. 963, 964 (1916).

To establish a resulting trust based on a partial payment to purchase real property, the party must show "that the payment made by him was for some specific part or distinct interest in the estate." *Druker v. Druker*, 308 Mass. 229, 230, 31 N.E.2d 524, 525 (1941). The amount cannot be a general contribution towards the purchase price but must be a specific amount intended as payment for a specific share. *Karas v. Karas*, 288 Mass. 460, 462–63, 193 N.E. 18, 19 (1934). "[A] resulting trust pivots on the key element of intention." *Maffei v. Roman Cath. Archbishop of Bos.*, 449 Mass. 235, 253, 867 N.E.2d 300, 317 (2007). It must be shown that the intent was to create an interest in the property, and not payment as a "gift, settlement or advancement." *Pollock*, 223 Mass. at 384. "A resulting trust must arise, if at all, at the time of the execution of the deed." *Dwyer v. Dwyer*, 275 Mass. 490, 494, 176 N.E. 619, 620 (1931). Subsequent actions and payments cannot create a resulting trust. *Quinn v. Quinn*, 260 Mass. 494, 503, 157 N.E. 641, 645 (1927).

The Debtor bears the burden of proof to establish that she was the beneficiary of a

4

resulting trust in the Property. But she has failed to provide evidence that proves the specific contributions made by her or that the contributions were intended for a specific share of the Property. There is no evidence as to the amount the Debtor paid for the purchase price of the Property. While the parties stipulated that the Debtor and DeVasto "contributed equally" to the purchase price, this is inconsistent with the other facts in evidence. The parties stipulated that the Debtor and DeVasto agreed to "contribute equally" to the down payment for the Property, but there is no evidence of the actual payment made by the Debtor or the amount of the down payment. An agreement to contribute is insufficient to show that the payment was made. In addition, the down payment did not cover the entire purchase price for the Property. At the time of the purchase, DeVasto borrowed $260,000, secured by a mortgage on the Property. The parties stipulated that the Debtor was not on the note or the mortgage. There is no evidence that the Debtor agreed to indemnify or reimburse DeVasto for the mortgage or that the Debtor and DeVasto considered the mortgage payments to be expenses of the Property that they agreed to contribute equally. "Where the purchase money is made up in part of cash furnished by the plaintiff (but not for an aliquot share) and in part of a mortgage back made by the defendant, there is no resulting trust in favor of the plaintiff." *Kennerson v. Nash*, 208 Mass. 393, 398, 94 N.E. 475, 475 (1911).

In addition, the Debtor also failed to provide evidence that the payments were intended by the Debtor and DeVasto for a specific ownership interest of the Debtor in the Property, and not as a gift, loan, or settlement. There is no testimony by either the Debtor or DeVasto as to their intent at the time the deed to DeVasto was executed. There are also no stipulated facts regarding the intent of the Debtor and DeVasto at the time of the deed. Although the parties stipulated that the Debtor and DeVasto agreed to share expenses, that does not satisfy the

5

Debtor's burden. The payments could have been rent, a loan, or a gift. Similarly, although the Debtor received funds from the sale of the Property, such funds could have been a gift, a loan repayment, or a settlement payment to resolve the DeVasto litigation.

Given the foregoing, the Court finds that the Debtor only made a general contribution to the purchase price of the Property. The Court also fails to find any intent by the Debtor and DeVasto that the Debtor be entitled to a specific ownership interest in the Property. Consequently, the Debtor has failed to prove that she was the beneficiary of a resulting trust in the Property.

**Conclusion**

Since the Debtor failed to meet her burden of proof to show that she was a beneficiary of a resulting trust in the Property, the Debtor has failed to show she had an ownership interest in the Property as of the petition date. The Debtor cannot assert a homestead exemption in the Property or the proceeds. Having found that there was no resulting trust, the Court need not address the other issues raised by the Obeys.

For the foregoing reasons, the Objection will be sustained by separate order.

Dated:  April 11, 2024                              By the Court,

                                                    *[signature: Janet E. Bostwick]*
                                                    _____
                                                    Janet E. Bostwick
                                                    United States Bankruptcy Judge

6